# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CLYDE PRICE,                                        CASE NO. 1:09-cv-01393-SKO PC

                           Plaintiff,               ORDER DISMISSING CLAIMS FOR FAILURE
                                                    TO STATE A CLAIM
        v.
                                                    (Doc. 14)
KEN CLARK, et al.,

                           Defendants.
_____/

        Plaintiff Clyde Price ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the California

Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at the California

Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  Plaintiff is suing under

Section 1983 for the violation of his rights under the Eighth Amendments.  Plaintiff names Ken

Clark (warden), Garza (correctional sergeant), Cable (correctional officer), Gonzalez (correctional

officer), John and Jane Doe maintenance staff, and John and Jane Doe medical staff as defendants

("Defendants").  Plaintiff has consented to jurisdiction by U.S. Magistrate Judge.  (Doc. #7.)

        For the reasons set forth below, the Court finds that Plaintiff fails to state any claims upon

which relief can be granted under Section 1983.  Since Plaintiff has previously been informed of the

deficiencies in his claims, the Court finds that further leave to amend would be futile.  Accordingly,

Plaintiff's claims will be dismissed with prejudice.

///

///

1    **I.    <u>Screening Requirement</u>**

2           The Court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

7           In determining whether a complaint fails to state a claim, the Court uses the same pleading

8    standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must

9    contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

10   R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual

11   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

12   accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

13   <u>Twombly</u>, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter,

14   accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Twombly</u>, 550

15   U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

16   liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u>

17   (quoting <u>Twombly</u>, 550 U.S. at 557). Further, although a court must accept as true all factual

18   allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

19   <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

21   **II.    <u>Background</u>**

22          **A.    <u>Procedural Background</u>**

23          Plaintiff filed the original complaint in this action on August 10, 2009. (Doc. #1.) The Court

24   screened Plaintiff's original complaint on December 31, 2009. (Doc. #9.) The Court found that

25   Plaintiff's original complaint failed to state any cognizable claims for relief. The Court informed

26   Plaintiff of the deficiencies in his claims and granted leave to file an amended complaint. Plaintiff

27   filed his first amended complaint on February 26, 2010. (Doc. #14.) This action proceeds on

28   Plaintiff's first amended complaint.

**B.** **Factual Background**

Plaintiff alleges that he was injured while being transported to a medical appointment outside the prison.  Plaintiff was transported to his appointment on October 19, 2007, by Defendants Cable and Gonzalez.  Plaintiff contends that he climbed into the transportation van using a milk crate as a step stool because the van's step ladder was missing.  Plaintiff allegedly told Cable and Gonzalez that the plastic milk crate would not be strong enough to support Plaintiff's weight.  Cable and Gonzalez ignored Plaintiff's complaints and Plaintiff used the milk crate to get into the van.

However, when Plaintiff arrived at his appointment and used the milk crate a second time to exit the van, the crate slipped and Plaintiff fell.  Plaintiff's injuries were exacerbated because Plaintiff was shackled and could not protect himself from the impact of the fall.  Plaintiff claims that he suffered excruciating pain on the right side of his head, neck and lower back and suffered abrasions on his arms and legs.  Plaintiff contends that using the plastic milk crate as a step stool violated Plaintiff's Eighth Amendment rights.

Plaintiff was taken to the medical center without any assistance while in restraints.  The staff at the medical center took x-rays of Plaintiff's back.  Plaintiff complains that he did not receive an MRI.  Although Plaintiff received a shot after complaining about the pain, he contends he was not given a neck collar, back brace, or medication.  Plaintiff further contends that he did not receive any further medical appointments for the injuries.  Plaintiff argues that the limited treatment that he received by the staff at the medical center violated Plaintiff's Eighth Amendment rights.

**III.** **Discussion**

**A.** **Milk Crate Claims**

Plaintiff contends that the use of a milk crate as a step stool violated his rights under the Eighth Amendment.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective

1    requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan,

2    511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

3         The objective requirement that the deprivation be "sufficiently serious" is met where the

4    prison official's act or omission results in the denial of "the minimal civilized measure of life's

5    necessities."  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective

6    "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate

7    indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official

8    acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate

9    health or safety."  Id. at 837.  "[T]he official must both be aware of facts from which the inference

10   could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

11   Id.

12        Plaintiff contends that the use of a milk crate as a step stool constitutes cruel and unusual

13   punishment.  He contends that the milk crate presented an excessive risk to Plaintiff's health and

14   safety because it could not support Plaintiff's weight.  The Court disagrees.

15        The Court finds that the risk presented by a plastic milk crate is not "sufficiently serious" to

16   fall within the realm of an Eighth Amendment claim.  Although Plaintiff claims to have suffered

17   injury because the milk crate slipped, there is nothing in Plaintiff's complaint that suggests that the

18   incident was anything more than a highly unusual accident.  Even though Plaintiff describes the

19   warnings he allegedly voiced to Defendants Cable and Gonzalez and the "sounds of cracking and/or

20   breaking as soon as plaintiff stood completely on the crate getting into the van," (Am. Compl. 7:10-

21   12, ECF No. 14), the Court finds that the risk of injury from stepping on the milk crate was not so

22   great or so obvious that it would violate the Constitution.  See Helling v. McKinney, 509 U.S. 25,

23   36 (1993) ("prisoner must show that the risk of which he complains is not one that today's society

24   chooses to tolerate").

25        Using a plastic milk crate as a step stool does not constitute cruel and unusual punishment.

26   Accordingly, Plaintiff fails to state any cognizable claims against Defendants for using a plastic milk

27   crate as a step stool.

28

### B.   Medical Treatment Claims

Plaintiff also claims that the treatment he received at the medical center violated the Eighth Amendment.  "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  Estelle, 429 U.S. at 105.  To state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant.  Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain.  Id.  A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  Id.  To constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm.  Id.  However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff contends that the medical treatment he received from the John and Jane Doe medical staff violated the Eighth Amendment.[1]  The Court disagrees.  Plaintiff received x-rays and a shot for his pain from the medical staff.  Plaintiff complains that he did not receive an MRI but does not allege what an MRI would have accomplished.  Plaintiff does not allege that he suffered any further serious injury because he did not receive an MRI.  Plaintiff alleges that he did not receive a neck collar or back brace, but fails to allege that it caused any further serious injury.  Plaintiff further

---

[1]It is unclear whether the John and Jane Doe medical staff defendants are the medical staff at the medical center outside the prison, or whether Plaintiff is attempting to sue other medical staff members who work at the prison.  In either case, the Court finds that Plaintiff's complaint fails to state a claim.

contends that he was not prescribed pain medication.  As Plaintiff was given a shot for his pain,  the Court finds that the failure to give Plaintiff pain medication does not amount to deliberate indifference.  Plaintiff has not alleged any facts to suggest that the failure to provide Plaintiff with medication was a deliberate attempt to keep him in pain.

Finally, Plaintiff contends that he was not given any follow-up appointments for treatment, but fails to allege how the John and Jane Doe medical staff were responsible for scheduling follow-up appointments.  Plaintiff also fails to clearly identify why he needed a follow-up appointment. Nothing in Plaintiff's complaint suggests that the failure to schedule a follow-up appointment was deliberately indifferent.

Plaintiff was x-rayed and diagnosed by the staff at the medical clinic.  Plaintiff does not allege that the staff discovered any serious injuries such as broken bones or anything else that would warrant follow-up treatment.  There is nothing in Plaintiff's complaint that plausibly supports the conclusion that any Defendants were aware of a serious risk of further injury if Plaintiff did not receive follow-up treatment, an MRI, a neck collar, a back brace, or pain medication.  Plaintiff fails to state any cognizable claims related to his medical treatment.

### C.    No Leave to Amend

The Court's previous screening order informed Plaintiff of the deficiencies in his Eighth Amendment claims.  Plaintiff's first amended complaint fails to amend his claims in a way that meaningfully addresses those deficiencies.  The Court finds that Plaintiff's claims are not capable of being cured by granting further leave to amend.  Plaintiff's claims will be dismissed with prejudice.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

**IV.    Conclusion and Order**

The Court finds that Plaintiff's first amended complaint fails to state any cognizable claims for relief.  Plaintiff was provided with the opportunity to amend and his first amended complaint failed to remedy the deficiencies in his claims.  The Court finds that the deficiencies in Plaintiff's claims are not curable by further amendment of his complaint.  Accordingly, it is HEREBY ORDERED that Plaintiff's claims are DISMISSED, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    November 15, 2010**                      **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE